**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Rickel Marquavius Dani Jeffries, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 8:26-cv-01832-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner Rickel Jeffries, proceeding *pro se* and *in forma pauperis*, (ECF No. 11), commenced this action seeking habeas corpus relief under 28 U.S.C. § 2241, (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation, recommending this action be dismissed without requiring the respondent to file an answer or return. (ECF No. 12). The magistrate judge notified Petitioner of his right to file objections to the Report, *id*. at 10, and the Clerk's Office mailed the Report to Petitioner's last known address, (ECF No. 13). The Report was not returned to the court as undeliverable. Therefore, Petitioner is presumed to have received it. However, he has failed to file any objections to the Report, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party

1

makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and finding no clear error, the court **ADOPTS** the magistrate judge's recommendation. (ECF No. 12). This action is hereby **DISMISSED**. The court directs the Clerk's Office to redact

Petitioner's social security number from (ECF No. 1-1 at 5). The court invites Petitioner to review the notice to *pro se* parties that was included in the magistrate judge's proper form order at ECF No. 5.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, Petitioner is advised that he may seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
June 24, 2026